## Johnson v. Duncil.

Feb. 25, 1944.

Hector Johnson for appellant.

C. P. Moore for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Dismissing appeal.

The petition to which the chancellor sustained a general demurrer begins with a statement of facts which would have entitled plaintiff, under the provisions of Section 181, Civil Code of Practice, to an order of delivery for an automobile of the value of $600. It is next alleged that the plaintiff had sold and delivered the automobile to the defendant "for a much less price than it was worth" after the defendant had surreptitiously tampered with the machine while pretending to repair it and induced the plaintiff to believe "that it was out of repair and was worth much less than it really was worth." It was also alleged that the plaintiff would not have parted with the car if the defendant had not

made him believe that it was in bad condition; and that "shortly after defendant took possession of his car he went to the defendant and tendered and offered the price back and all expenses to defendant all of which he refused to accept." The prayer was for a rescission of the contract of sale, the restoration of the car, and $300 damages for its wrongful detention.

Whether or not the petition stated a cause of action, we are compelled to dismiss this appeal, granted by the lower court from the judgment dismissing the petition, because of the absence of any allegation from which it could be determined that the value in controversy is as much as $500 exclusive of interest and costs. The price which defendant paid the plaintiff for the car is not alleged, and, for aught the record discloses, it may have been any sum less than $600. Assuming the sale price to have been $500, the value in controversy could not have exceeded $400, the difference between the car's alleged value and the sale price, plus the damage claimed. KRS 21.060, KRS 21.070.

Accordingly, the appeal is dismissed.